1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK MICK,<br><br>       *Plaintiff*,<br> v.<br><br>SEASPAN CORPORATION, and SEASPAN SHIP MANAGEMENT Ltd.,<br><br>      *Defendants*. | No.:<br><br>COMPLAINT FOR A CIVIL CASE BY PATRICK MICK<br>JURY DEMAND |

## I.  PLAINTIFF'S ORIGINAL COMPLAINT

  1.1.  Plaintiff Patrick Mick brings this action complaining of Seaspan Corporation and Seaspan Ship Management Ltd. (collectively "Seaspan" or "Defendants") and would respectfully show the Court the following:

## II.  JURISDICTION AND VENUE

  2.1  1.  The Court can exercise personal jurisdiction over all Defendants because they do a substantial amount of business in Washington and acts and/or omissions giving rise to this claim occurred in Washington.  The Court can exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) since the claim occurred in Seattle, Washington.

## III.  PARTIES

COMPLAINT FOR DAMAGES

1      3.1    Patrick Mick is a resident and citizen of Washington.

2      3.2    Defendant Seaspan Corporation is a foreign entity that does a substantial amount of business in Washington.  Defendant Seaspan Corporation may be served with process through its Chairman, President, and Chief Executive Officer, Bing Chen, located at Unit 2 – 16th Floor, W668 Building, Nos. 668 Castle Peak Road, Cheung Sha Wan, Kowloon, Hong Kong or wherever he may be found.

3.3    Defendant Seaspan Ship Management Ltd. is a foreign entity that does a substantial amount of business in Washington.  Defendant Seaspan Ship Management Ltd. may be served with process through its Co-Chairman and Chief Executive Officer, Gerry Wang, located at 2600 – 200 Granville St., Vancouver, British Columbia, Canada V6C1S4 or wherever he may be found.

## IV.    NATURE OF ACTION

4.1    This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on June 11, 2020.  On that date, Plaintiff was working as a longshoreman on a vessel known as the M/V SEASPAN HAMBURG (pictured below) in state territorial waters.



COMPLAINT FOR DAMAGES

**PIPINICH LAW, PLLC**
123 3rd Ave. S., Ste. 200
Edmonds, WA 98020
(206) 203-5051

4.2     Defendants docked the M/V SEASPAN HAMBURG in Seattle, Washington. Subsequently, Plaintiff was performing work on the vessel.  As he traversed a catwalk located on the vessel as part of his duties, he fell through missing grating.  Plaintiff had no notice that the grating was missing and there were no signs, barricades, or warnings to provide him with such knowledge.  The missing grating created an unreasonably dangerous condition and an unreasonable risk of harm.  Upon information and belief, as managers and operators of the M/V SEASPAN HAMBURG, Defendants created that dangerous condition.

4.3     Defendants had actual or constructive knowledge of the hazard but failed to remedy the hazard.  Defendants also failed to warn Plaintiff and others about the dangerous hazard.  The dangerous condition was not open and obvious to Plaintiff.  Moreover, Plaintiff was required to use the catwalk to perform his job.

4.4     Upon falling on the vessel, Plaintiff struck his head.  He was taken by ambulance to Swedish First Hill hospital in Seattle, Washington where he was diagnosed with a traumatic brain injury along with injuries to his neck and arms.  He continues to receive medical treatment for his extensive injuries.

4.5     Defendants were negligent, grossly negligent and negligent per se for the following reasons:

    a.     failure to properly train their employees;

    b.     failure to provide adequate safety equipment;

    c.     failure to properly inspect and/or maintain its equipment;

    d.     failure to properly inspect and/or maintain the vessel and/or its appurtenances;

    e.     failure to warn of improperly inspected, poorly maintained and/or otherwise unrepaired conditions of vessel's catwalk;

COMPLAINT FOR DAMAGES

**PIPINICH LAW, PLLC**
123 3rd Ave. S., Ste. 200
Edmonds, WA 98020
(206) 203-5051

f.  failure to comply with applicable safety standards, statutes, and regulations;

g.  violating applicable Coast Guard, BSEE, IMO, and/or OSHA regulations, policies and/or standards;

h.  failure to maintain a safe premises/vessel;

i.  failure to properly supervise their employees;

j.  failure to safely conduct operation;

k.  providing employees with negligent instructions and orders;

l.  violating its turnover duties;

m.  failing to exercise reasonable control over equipment and/or areas of the vessel under its active control;

n.  failing to exercise reasonable care in the operations that they actively involved themselves in;

o.  failing to warn of safety hazards they knew or should have known about;

p.  failure to intervene when it was aware of obviously dangerous acts taking place and/or conditions on the vessel;

q.  vicariously liable for their employees' negligence; and

r.  all other acts deemed negligent.

4.6   As a proximate result of Defendants' conduct, Plaintiff sustained severe injuries which resulted in physical pain, mental anguish, disfigurement, disability, and other medical problems. Plaintiff has sustained severe pain, physical impairment, disfigurement, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

COMPLAINT FOR DAMAGES

## V.    JURY TRIAL

5.1    Plaintiff hereby demands a trial by jury on all claims.

## VI.    PRAYER

9.1    Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, and all such other and further relief, to which he may show himself justly entitled.

Respectfully Submitted,

PIPINICH LAW, PLLC

*Joseph B Pipinich*

Joseph B. Pipinich, WSBA #44238
123 3rd Ave S., Ste. 200
Edmonds, WA 98020
(206) 203-5051
jp@pipinichlaw.com


–    AND –

ARNOLD & ITKIN

Jason A. Itkin (Pro Hac Vice Pending)
Texas State Bar No. 24060816
Cory D. Itkin (Pro Hac Vice Pending)
Texas Bar No. 24050808
Ryan S. MacLeod (Pro Hac Vice Pending)
Texas Bar No. 24068346

COMPLAINT FOR DAMAGES

6009 Memorial Drive
Houston, Texas 77007
Tel: (713) 222-3800
Fax: (713) 222-3850
jitkin@arnolditkin.com
citkin@arnolditkin.com
nwexler@arnolditkin.com
jaiteam@arnolditkin.com
e-service@arnolditkin.com

ATTORNEY FOR PLAINTIFFS

COMPLAINT FOR DAMAGES