UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK MICK,<br><br>            Plaintiff,<br><br>      v.<br><br>SEASPAN CORPORATION, et al.,<br><br>            Defendants. | CASE NO. C20-1201JLR<br><br>ORDER |

Before the court is the parties' joint agreed motion for continuance of the trial in this case and for entry of an amended scheduling order. (Mot. (Dkt. # 33).) The parties ask the court to continue the trial date from August 28, 2023 to December 18, 2023, and to extend the remaining deadlines in the court's scheduling order consistent with that new trial date. (*Id.*; *see* Sched. Order (Dkt. # 24).) The court DENIES the parties' joint motion for the reasons set forth below.

Plaintiff Patrick Mick filed this lawsuit on August 7, 2020. (Compl. (Dkt. # 1).) He amended his complaint on January 1, 2021. (Am. Compl. (Dkt. # 12).) He alleges

ORDER - 1

1 | claims against Defendants Seaspan Corporation and Seaspan Ship Management, Ltd.
2 | (together, "Seaspan") for personal injuries he suffered while working aboard Seaspan's
3 | ship, the M/V SEASPAN HAMBURG.  (*See generally id.*)  Because service on the
4 | foreign Defendants was governed by the Hague Convention, Mr. Mick did not complete
5 | service until June 26, 2021.  (*See* OSC Resp. (Dkt. # 17).)

6 | On September 17, 2021, the parties filed a joint status report and discovery plan in
7 | which they indicated that they would be ready for trial after August 2022.  (JSR (Dkt.
8 | # 23).)  On September 23, 2021, the court entered a scheduling order in which it set the
9 | parties' trial on August 28, 2023—a year after the parties' projected trial readiness date.
10 | (Sched. Order.)  In accordance with that trial date, the court set the deadline for discovery
11 | motions on March 31, 2023, and the deadline for completion of discovery on May 1,
12 | 2023.  (*Id.*)

13 | On February 21, 2023, the parties moved to extend the expert disclosures deadline
14 | from March 1, 2023, to March 31, 2023.  (2/21/23 Mot. (Dkt. # 23).)  The parties
15 | represented that they needed the extension because Mr. Mick agreed to allow Seaspan an
16 | extension of its deadline to respond to discovery requests he had served in January 2023.
17 | (*Id.* at 1.)  They did not request an extension of any other deadline.  (*Id.*)  The court
18 | granted the motion.  (2/21/23 Order (Dkt. # 31).)  The parties engaged in mediation on
19 | April 11, 2023, but that effort was unsuccessful.  (4/28/23 Report (Dkt. # 32).)

20 | The parties filed the instant motion to continue on May 1, 2023—the deadline for
21 | completion of discovery set forth in the court's scheduling order.  (Mot.; Sched. Ord.)
22 | The parties represent that they have been "diligently engaging in written and deposition

discovery"; that they have completed the depositions of Mr. Mick and Seaspan's corporate representative; and that Mr. Mick seeks to conduct "approximately 10" additional depositions, including the depositions of:

> numerous witnesses with SSA Marine—coworkers of Plaintiff—as well as Defendants' four expert witnesses, Plaintiff's acquaintances (fact witnesses), and Plaintiffs' treating physicians in Washington (specifically Dr. Daniel Stroud, MD with the Everett Clinic.

(Mot. ¶¶ 2-3, 5.)  They state that Mr. Mick attempted to schedule several of these depositions during the week before the discovery cut-off but was unable to do so because Seaspan's counsel was out of the office that week.  (*Id.* ¶ 4.)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance."  Local Rules W.D. Wash. LCR 16(b)(6); (*see also* Sched. Order at 2 ("[F]ailure to complete discovery within the time allowed is not recognized as good cause.")).  Motions for relief from a deadline "should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."  Local Rules W.D. Wash. LCR 7(j).  When a party moves to extend a deadline

ORDER - 3

after that deadline has expired, the court may only extend the deadline upon a showing of excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B).

Here, the parties ask the court to continue trial to December 18, 2023, and to extend the discovery motions deadline, the discovery cut-off, and all subsequent pretrial deadlines in accordance with that new trial date.  (Mot.)  The court finds, however, that the parties have not established good cause or excusable neglect that would justify amending the case schedule.  The scheduling order provided the parties over a year and a half in which to complete discovery (*see* Sched. Order) and the court is not convinced that the parties have been diligent in attempting to timely schedule the ten depositions that Mr. Mick represents he needs to complete to prepare this case for trial (*see* Mot. ¶ 5).  In addition, the parties do not explain why they could not have requested an extension before the expiration of the March 31, 2023 discovery motions deadline or the May 1, 2023 discovery cut-off.  (*See generally* Mot.)  Even if the parties had shown good cause and excusable neglect, the court is unable to grant a four-month continuance of the deadlines set in its scheduling order.  The court has a full trial calendar and will not imperil the trial dates of other parties.  Therefore, the court DENIES the parties' joint motion to continue the trial date in this matter (Dkt. # 33).

Nevertheless, the court will consider moving the parties' trial date to the end of the court's trial calendar.  If the parties wish to seek this relief, they should file a stipulated motion to that effect by no later than **May 12, 2023**.  The parties should be aware that the court is presently scheduling trials in fall 2024.  If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order in which it resets the

discovery deadline and all remaining unexpired pretrial deadlines.  Absent such a stipulation, the parties must comply with all deadlines set forth in the court's September 23, 2021 scheduling order.

Dated this 2nd day of May, 2023.

JAMES L. ROBART
United States District Judge